UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-61** |
| **LISA CRINEL, ET AL.** | **SECTION "E" (2)** |

## ORDER AND REASONS

Before the Court is the Motion for Forfeiture of Property filed by the United States against Henry Evans, Michael Jones, Shelton Barnes, Gregory Molden, and Paula Jones.[1] Defendants Shelton Barnes, Michael Jones, and Paula Jones oppose this motion.[2] On September 23, 2018, the Court granted the Motion for Forfeiture in part and ordered Defendant Henry Evans to forfeit $13,137.97, which was the amount in Medicare Part B payments he received after he began participating in the health care fraud scheme.[3] For the reasons that follow, the Court now rules on the remainder of the Motion for Forfeiture and **ORDERS** that the motion is **GRANTED IN PART** with respect to Michael Jones and Gregory Molden,[4] and **GRANTED IN FULL** with respect to Shelton Barnes and Paula Jones.

With respect to Henry Evans, the Court ordered that he forfeit to the United States $13,137.97, which was the amount in Medicare Part B payments he received after he began participating in the health care fraud scheme.[5] The Court explained that forfeiture is limited to the payments received during the specific temporal scope of the fraudulent

---

[1] R. Doc. 1317.
[2] R. Doc. 1320, 1329, 1330.
[3] R. Doc. 1507. Henry Evans was not convicted of Counts 1 and 2 and the United States did not request that he be required to forfeit payments to him under his Medical Consultant Agreement.
[4] The United States did not request forfeiture from Jonathan Nora.
[5] R. Doc. 1507.

1

scheme.[6] For the reasons explained in that Order, the same temporal rule applies to the other Defendants and the Court must make factual findings about the temporal scope of the participation in the conspiracy of Defendants Barnes, Michael Jones, Paula Jones, and Molden and the amounts they are required to forfeit.

The evidence at trial showed Barnes' participation in the conspiracy began in April 2008, when Abide Home Care Services, Inc. ("Abide") began to pay him to be medical director.[7] At trial, the United States introduced without objection Exhibit 245, containing billing and payment data,[8] and Exhibit 1413, separating billing and payment data for Barnes' Medicare Part B billings from January 1, 2009 to June 16, 2014.[9] Because Exhibit 1413 only contains billings and payments after Barnes began participating in the conspiracy, the Court finds Exhibit 1413 contains no payments outside the temporal scope of Barnes' participation in the conspiracy. The forfeiture in the amount of $162,784 requested by the United States is based on and consistent with the data in Exhibit 1413. The Government also requests and is entitled to forfeiture by Barnes in the amount of $209,000 representing the illegal kickbacks received by Barnes.

The Government argues that Michael Jones' participation in the conspiracy began at the latest on August 15, 2012, when his wife Paula Jones signed her employment agreement with Abide.[10] There was no evidence introduced at trial that Michael Jones was aware of Paula Jones' fraudulent billing for Abide. The Court finds Michael Jones' participation in the conspiracy commenced on May 30, 2013, the date Abide increased

---

[6] *Id.* at 6.
[7] R. Doc. 1417 at 21 (citing Exhibits 307, 1404, R. Doc. 1108 at 100).
[8] R. Doc. 1011.
[9] R. Doc. 1047.
[10] R. Doc. 1417 at 35 (citing Exhibit 361, which the United States introduced at trial, R. Doc. 1012).

Paula Jones' salary.[11] At trial, the United States introduced without objection Exhibit 1460, containing billing and payment data for Michael Jones' Medicare Part B billings and payments from August 7, 2012 to September 17, 2014.[12] Upon review of Exhibit 1460, the Court finds the exhibit does contain billings and payments outside the temporal scope of Jones' participation in the conspiracy. The forfeiture amount the United States requests exceeds the temporal scope of Michael Jones' engagement in the conspiracy. Upon review of Exhibit 1460, the Court calculates Michael Jones' Medicare Part B billings and payments made after May 30, 2013 under Healthcare Common Procedure Coding System ("HCPCS") Codes G0179, G0180, and G0181[13] as follows:

| HCPCS Code | Amount Billed | Amount Paid |
|---|---|---|
| G0179 | $0 | $0 |
| G0180 | $840 | $262.90 |
| G0181 | $8,520 | $2,362.65 |
| Total | $9,360 | **$2,625.55** |

Based on the evidence presented at trial, the Court finds the United States has shown by a preponderance of the evidence that Michael Jones received $2,625.55 in proceeds after the beginning of his participation in the conspiracy. The United States also requests and is entitled to forfeiture by Michael Jones as the result of illegal kickbacks in the amount of $16,577.59. The United States is entitled to a personal money judgment against Michael Jones in the amount of $19,203.14. The United States also is entitled to a personal money

---

[11] R. Doc. 1108 at 241-269, Trial Exhibits 365, 366.
[12] R. Doc. 1048.
[13] These are the codes relevant to the conspiracy. *See* R. Docs. 670 (Second Superseding Indictment), 1507.

judgment against him in the amount of $35,000 in the form of a money judgment against Michael Jones and Paula Jones for which they are jointly and severally liable.

The Court finds Paula Jones' participation in the conspiracy began when she was hired on August 15, 2012.[14] The Government has requested and is entitled to forfeiture from Paula Jones as the result of illegal kickbacks in the amount of $35,000 in the form of a money judgment against Michael Jones and Paula Jones for which they are jointly and severally liable.

The evidence at trial showed Molden's participation in the conspiracy began at the latest on June 30, 2011, when he signed his first medical director agreement,[15] and continued until October 31, 2012.[16] At trial, the United States introduced without objection Exhibit 1444, separating billing and payment data for Barnes' Medicare Part B billings and payments from June 1, 2011 to June 24, 2014.[17] Upon review of Exhibit 1444, the Court calculates Molden's Medicare Part B billings and payments made after June 30, 2011 under HCPCS Codes G0179, G0180, and G0181 as follows:

| **HCPCS Code** | **Amount Billed** | **Amount Paid** |
|---|---|---|
| G0179 | $8,384.40 | $3,311.22 |
| G0180 | $1,202.25 | $641.10 |
| G0181 | $8,649.30 | $4,528.98 |
| Total | $18,235.95 | **$8,481.30** |

---

[14] Trial Exhibit 361, which the United States introduced at trial, R. Doc. 1012
[15] Trial Exhibit 342.
[16] Trial Exhibit 345 (payments to Molden). The Court finds Medicare Part B payments under HCPCS Codes G0179, G0180, and G0181 made after October 31, 2012 relate to Molden's participation in the conspiracy and are subject to forfeiture.
[17] R. Doc. 1048.

Based on the evidence presented at trial, the Court finds the United States has shown by a preponderance of the evidence that Molden received $8,481.30 in proceeds from his participation in the conspiracy during the relevant time period. The Government also requests and is entitled to forfeiture by Molden in the amount of $42,500 representing the illegal kickbacks received by Molden.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Forfeiture of Property filed by the United States be and hereby is **GRANTED IN PART**.[18] The United States is entitled to forfeiture in the following amounts: Shelton Barnes $371,784 as a personal money judgment against him; Michael Jones $19,203.14 as a personal money judgment against him and $35,000 in the form of a money judgment against Michael Jones and Paula Jones for which they are jointly and severally liable; Paula Jones $35,000 as a money judgment against Michael Jones and Paula Jones for which they are jointly and severally liable; and Gregory Molden $50,981.30 in the form of a personal money judgment against him.

**New Orleans, Louisiana, this 24th day of September, 2018.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 1317.